UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHMET SERIF PEKPAK,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden<br>Otay Mesa Detention Center, et al.,<br><br>                                    Respondents. | Case No.:  26-CV-1831 JLS (MMP)<br><br>**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 5) |

Presently before the Court is Petitioner Mehmet Serif Pekpak's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 5).  Also before the Court is Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 7) and Petitioner's Traverse ("Traverse," ECF No. 8).  For the reasons set forth below, the Court **DENIES** the Amended Petition for Writ of Habeas Corpus.

### BACKGROUND

Petitioner Serif Pepkak, a citizen of Turkey, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since January 19, 2026, when he accidentally entered Mexico while driving in San Diego and "immediately turned around and asked Border Patrol whether he could reenter the United States."  Pet. at 2.

1

Petitioner initially entered the United States in December 2023, when he fled Turkey on account of his membership in the People's Equality and Democracy Political Party. *Id.* At that time, Petitioner was released on parole and applied for asylum. *Id.* Petitioner thereafter moved to Los Angeles and received a work permit, a temporary Social Security Number, and a driver's license. *Id.* Upon his re-entry into the United States after accidentally driving across the U.S.-Mexico border, border patrol agents arrested Petitioner because "he was not a U.S. citizen." *Id.* Petitioner has since been detained at Otay Mesa and alleges that his detention violates the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment. *See generally id.*

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

### I.   Jurisdiction

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because Petitioners' claims arise from the decision to commence removal proceedings. Ret. at 4. The Court disagrees.

26-CV-1831 JLS (MMP)

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at 997. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order. Rather, Petitioner is challenging his detention without a bond hearing. Traverse at 4–5. Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025). Therefore, § 1252(g) does not strip the Court of jurisdiction.

## II.   Merits

Respondents next argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as an "application for admission." Ret. at 5. Petitioner argues that his brief departure did not automatically terminate his parole, and even if it did, his liberty interest in remaining in the United States "did not expire along with his parole." Traverse at 2 (quoting *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999, at *5 (E.D. Cal. Nov. 22, 2025)).

26-CV-1831 JLS (MMP)

The Court agrees with Respondents.  8 C.F.R. § 212.5(e)(1)(i) clearly provides that "[p]arole shall be automatically terminated without written notice . . . upon the departure from the United States of the alien . . . ."  *See United States v. Ortiz-Diaz*, 849 F. Supp. 734, 737 (E.D. Cal. 1994) ("The government may terminate parole automatically without written notice to the alien if the alien departs from the U.S.").  Therefore, "[e]ven if unintended, Petitioner's departure from the United States on [January 19, 2026] automatically terminated his parole status."  *Svenin v. Casey*, No. 3:25-CV-01865-CAB-KSC, 2025 WL 2917319, at *2 (S.D. Cal. Oct. 14, 2025) (finding that petitioner's parole was automatically terminated under 8 C.F.R. § 212.5(e)(1)(i) after accidentally driving across the U.S.-Mexico border); *see also Turchyn v. Casey*, No. 3:25-CV-02120-JES-BLM, 2025 WL 3142482, at *2 (S.D. Cal. Nov. 10, 2025) (same).  Accordingly, when Petitioner "presented himself to immigration officials to re-enter the United States, Petitioner was an applicant for admission without valid documentation . . . ."  *Svenin*, 2025 WL 2917319, at *2.

Even mandatorily detained under 8 U.S.C. § 1225(b)(2), due process requires that Petitioner be provided a bond hearing should detention become unreasonably prolonged.[1] "Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional."  *Amado v. United States Dep't of Just.*, No. 25-CV-2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025).  However, "[n]early all district courts

---

[1] Petitioner argues that he is entitled to release under *Mathews v. Eldridge*, 424 U.S. 319 (1976), based on the principle that his liberty interest in remaining in the United States "did not expire along with his parole."  Traverse at 2–3.  However, the cases Petitioner relies on do not involve petitioners considered "applicants for admission" subject to mandatory detention.  *See, e.g.*, *Osaretin v. Warden, Otay Mesa Det. Ctr.*, No. 25-CV-3612-JES-MSB, 2026 WL 280077, at *1–2 (S.D. Cal. Feb. 3, 2026) (Simmons, J.) (finding that petitioner's liberty interests did not expire along with his parole after he was detained at a courthouse in Massachusetts); *cf. Turchyn*, 2025 WL 3142482, at *2 (Simmons, J.) (finding that petitioner "was an applicant for admission" when detained upon re-entering the United States).  Here, as discussed, Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2) whose parole automatically terminated upon leaving the United States.  *See* 8 C.F.R. § 212.5(e)(1)(i).  The Court therefore declines to consider release under *Mathews v. Eldridge*.

26-CV-1831 JLS (MMP)

that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases).  In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).  Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal.  *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Petitioner has not established he is entitled to a bond hearing. Petitioner has been in custody for approximately three months, having been detained on January 19, 2026.  Pet. at 2.  The Court agrees with Respondents that this length of detention falls short of the length that weighs in favor of granting a bond hearing.  Ret. at 9; *cf. Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 809 F. Supp. 3d at 1095 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable.").  As the length of detention is the most important factor, *see Rash v. LaRose*, No. 26-CV-0008-LL-DEB, 2026 WL 249324, at *4 (S.D. Cal. Jan. 30, 2026), the Court finds that due process concerns do not require ordering a bond hearing at this stage.

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

In light of the foregoing, the Court **DENIES** the Amended Petition for Writ of Habeas Corpus (ECF No. 5) **WITHOUT PREJUDICE**. Petitioner may file a new petition should his detention become unreasonably prolonged. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

 **IT IS SO ORDERED.**

Dated: April 21, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

6

26-CV-1831 JLS (MMP)